UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| YUVISNIEL REYNA-NUNEZ,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH,<br><br>Respondent. | CAUSE NO. 3:26cv649 DRL-SJF |

OPINION AND ORDER

Immigration detainee Yuvisniel Reyna-Nunez, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden filed a response and a supplemental status report. Mr. Reyna-Nunez did not file a reply, and the time for doing so expired.

Mr. Reyna-Nunez is a native and citizen of Cuba who entered the United States in June 2024 [7-1]. He was issued a notice to appear and then paroled into the United States until April 18, 2025. On November 5, 2025, after his parole had expired, he was arrested in Indiana for felony confinement, intimidation, and felony domestic battery in the presence of a minor. Two days later, he was transferred into the custody of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. On May 20, 2026, an immigration judge ordered Mr. Reyna-Nunez removed to Cuba. He appealed to the Board of Immigration Appeals (BIA); but, on August 27, 2026, the BIA granted his motion to withdraw the appeal and dismissed it.

In his habeas petition, Mr. Reyna-Nunez argued his detention violated his due process rights because he was being detained without access to a bond hearing in violation of 8 U.S.C. § 1226(a). The Warden responds that Mr. Reyna-Nunez's detention is now mandatory under 8 U.S.C. § 1231 because his removal order is administratively final. The record supports this conclusion.

Section 1231 governs detention during the removal period following a final order of removal. The removal period lasts 90 days, and detention during that period is mandatory. 8 U.S.C. § 1231(a)(1)(A), (a)(2). The period begins on the latest of three dates: (1) the date the removal order becomes administratively final; (2) the date of a reviewing court's final order, if the court orders a stay of removal pending judicial review; or (3) the date the noncitizen is released from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Time spent in detention before the beginning of the removal period does not count toward those 90 days.

Mr. Reyna-Nunez's removal order became administratively final on August 27, 2026, when the BIA dismissed his appeal. 8 C.F.R. § 1241.1(a) (providing that an immigration judge's removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Nothing in the record indicates that a reviewing court has stayed his removal. His removal period thus began on August 27, 2026, and runs through November 25, 2026. He remains within that period, during which detention is mandatory under § 1231(a)(2).

Because Mr. Reyna-Nunez is now detained under § 1231, his claim that he is entitled to a bond hearing under § 1226(a) is moot. *See Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) (holding that a challenge to detention under § 1226 became moot when detention

became governed by § 1231); *Vasenin v. English*, No. 3:25cv895, 2025 WL 3525037, 2 (N.D. Ind. Dec. 9, 2025) (same).

For these reasons, the court DISMISSES Mr. Reyna-Nunez's habeas corpus petition (ECF 2) as moot and DIRECTS the clerk to close this case.

SO ORDERED.

October 9, 2026

*s/ Damon R. Leichty*
Judge, United States District Court